Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Robin Goret

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robin Goret<br><br>                              Plaintiff,<br><br>v.<br><br>Patenaude & Felix, APC<br><br>                              Defendant. | **Case No:**  '13CV2301 DMS NLS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

1   collection practices are not competitively disadvantaged, and to promote

2   consistent State action to protect consumers against debt collection abuses.

3   2.   The California legislature has determined that the banking and credit system

4   and grantors of credit to consumers are dependent upon the collection of just

5   and owing debts and that unfair or deceptive collection practices undermine

6   the public confidence that is essential to the continued functioning of the

7   banking and credit system and sound extensions of credit to consumers. The

8   Legislature has further determined that there is a need to ensure that debt

9   collectors exercise this responsibility with fairness, honesty and due regard

10  for the debtor's rights and that debt collectors must be prohibited from

11  engaging in unfair or deceptive acts or practices.

12  3.   Robin Goret, (Plaintiff), through Plaintiff's attorneys, brings this action to

13  challenge the actions of Patenaude & Felix, APC, ("Defendant"), with regard

14  to attempts by Defendant to unlawfully and abusively collect a debt allegedly

15  owed by Plaintiff, and this conduct caused Plaintiff damages.

16  4.   Plaintiff makes these allegations on information and belief, with the exception

17  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

18  Plaintiff alleges on personal knowledge.

19  5.   While many violations are described below with specificity, this Complaint

20  alleges violations of the statutes cited in their entirety.

21  6.   Unless otherwise stated, all the conduct engaged in by Defendant took place

22  in California.

23  7.   Any violations by Defendant were knowing, willful, and intentional, and

24  Defendant did not maintain procedures reasonably adapted to avoid any such

25  violation.

26              **JURISDICTION AND VENUE**

27  8.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §

28  1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10.  Because Defendant does business within the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391.

12.  At all times relevant, Defendant conducted business within the State of California.

### PARTIES

13.  Plaintiff is a natural person who resides in the City of San Diego, State of California.

14.  Defendant is located in the City of San Diego, in the State of California.

15.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.  Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18.  Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

HYDE & SWIGART
San Diego, California

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

20. Sometime before May 16, 2013, Plaintiff is alleged to have incurred certain financial obligations for five (5) private student loans.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before May 16, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before May 16, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about May 16, 2013, Defendant mailed five (5) dunning letters to Plaintiff, one letter for each account.  A few days later, Plaintiff received those letters.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

///

///

HYDE & SWIGART
San Diego, California

27.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28.   Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), on or about May 22, 2013, Plaintiff notified Defendant in writing, that these alleged debts (each of the five student loans), or some portion of it, was disputed.

29.   Plaintiff specifically noted the five separate accounts in her letter and that she disputed each of them.

30.   Plaintiff mailed her dispute by certified, return receipt with the USPS.

31.   Defendant received Plaintiff's dispute letter on May 23, 2013.

32.   Subsequently, Plaintiff received letters from Defendant demanding payment on the five accounts dated June 5, 7, and 10, 2013.

33.   By communicating with Plaintiff by mail before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.  Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

34.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

35.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

HYDE & SWIGART
San Diego, California

36.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

38.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

40.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: September 25, 2013                    By:/s/Jessica R. K. Dorman
                                                 Jessica R. K. Dorman
                                                 Attorneys for Plaintiff